HAGAN & AL. vs. CLARK.

Eastern Dist.
March, 1828.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought on a promise to give merchandize to the amount of $800, for a note made by Eben Fiske, and endorsed by Hyde and Merrit, of which the plaintiffs were holders. The defendant resists their claim, on the ground that he has not been put *in mora*, by a tender to him of said note, and demand of merchandize. The cause was submitted to a jury in the court below, who found a verdict for the plaintiffs; and judgment being rendered in pursuance of said verdict, the defendant appealed.

In the course of the trial in the court below, the judge was required to instruct the jury that the proofs in the case would not authorise the plaintiffs to recover, according to 1905 *art. Lou. Code*, which he refused, and bill of exception was taken, &c.

Notwithstanding the numerous points made on the part of the appellant in this court, we believe that the decision of the cause rests solely on a proper construction of that article of our code. It provides that a debtor may be

put in default, by the terms of the contract, by the act of the creditor, or by the operation of law. The second mode of placing an obligor *in mora*, has alone relation to the present case. This is done by a demand on the part of the obligee, evidenced either by commencement of a suit, writing, protest of a notary, or testimony of two witnesses, made at or after the term stipulated for the fulfilment of the obligation. The appellant agreed that he would receive the note above described, in payment for merchandize of any kind, which he then had on hand, or might have previous to the term at which said note would become due This agreement was made on the 17th of February, 1827, and the note was dated on the 13th of the same month, having six months to run from date.

The testimony of two of the clerks of the appellees, shews thot they had each, at a different time, tendered the note to the defendant and demanded merchandize from him to its amount, which he refused to deliver, on various pretexts. The present suit was commenced within the period limited for the performance of the contract by its stipulations, and the prayer of the petition is in the alternative.

either that the defendant be ordered to pay $800, or deliver to the plaintiffs merchandize to that amount. According to the article of the code on which the appellant relies, the commencement of this suit is sufficient to put him in default; and if he had been willing to comply with the stipulations of this agreement, he might in his answer have demanded that the note should be delivered over to him. Whether the plaintiffs were bound to make a tender of the note in their petition, is a question which, in the present case, need not be settled; for it is in proof that it had previously been twice tendered to him, and as often refused, and a total unwillingness shewn on his part to discharge the obligation of the contract.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Carleton* and *Locket* for the plaintiff, *Maybid* for the defendant.